Dear Mr. Pratt:
On behalf of the Sabine River Authority (SRA) you have requested the opinion of this office on whether the Louisiana Public Bid Law (LSA-R.S.38:2211-2296) authorizes the SRA, without competitive bidding, to use its own employees for new construction projects that do not exceed the contractual limits set forth in LSA-R.S. 38:2212(A)(1)(d) and, if so, must the SRA comply with the Louisiana Contractors Licensing Law (LSA-R.S. 37:2150-2163) and thereby employ a licensed contractor if the new construction project exceeds $50,000 or more in labor and materials. Specifically, the SRA wishes to construct several new cabins at Cypress Bend Park and renovate several cabins at San Miguel Park. The two construction projects together will cost in excess of $50,000.00 but less $100,000.00.
The Sabine River Authority was created by Act 261 of Regular Session of 1950 and organized as an agency and instrumentality of the state of Louisiana pursuant to LSA R.S. 38:2321-2337. By Act No. 144 of the 1998 First Extraordinary Session enacted R.S. 36:511 to provide that the SRA was subject to the provisions of Part II of Chapter 10 of Title 38 of the Louisiana Public Bid Law. These provisions relate to public works contracts and the procurement of materials and supplies. LSA R.S.38:2211-2237.
Under the Public Bid Law, contracts for public works projects exceeding $100,000 must be advertised and let to the lowest responsible and responsive bidder. Public works means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. LSA-R.S. 38:2212A(1)(a) (d) and 38:2211(9) (11).
However, public works contracts that are estimated to cost less than the contract limit of $100,000 are not subject to the advertisement and bidding requirements of the Public Bid Law and may be undertaken by the public entity with its own employees. LSA-R.S. 38:2212B.
To determine if the public works contract exceeds the $100,000 contract limit, the public entity must add together the total cost of materials that will go into the project, the wages and benefits which will be paid to the employees used in the project, the cost of supervision and administrative overhead not to exceed fifteen percent, and the rental value of the owned equipment which will be used as per the rates in the latest edition of the Association Equipment Dealers Rental Book.
It is therefore the opinion of this office that if the combined new construction and renovation projects undertaken by the SRA do not exceed the current contractual limit of $100,000, including labor, materials, and equipment as set forth in R.S. 38:2212A(1)(d) then the projects may be undertaken by the SRA using its own employees without competitive bidding pursuant to R.S. 38:2212B. Any materials or supplies purchased in connection with the construction must be procured in accordance with the LSA — R.S. 38:2212.1.
The second part of your question relates to the applicability of the Louisiana Contractor Licensing Law (LSA R.S. 37:2150-2163) and specifically the requirement that a duly licensed contractor must perform any public works contract that exceeds the sum of $50,000.00. LSA-R.S.37:2163A states that it is the intent of the Contractors Licensing Law that only contractors who hold an active license be awarded contracts either by bid or though negotiation and that any contractor who submits abid for a type of construction for which he does not hold an active license to perform is subject to a penalty.
LSA-R.S. 37:2150.1(4) defines a contractor as any person who undertakes to, attempts to, or submits a price or bid or offers to construct a commercial project for which the entire cost is fifty thousand dollars or more. R.S. 37:2150.1(7) sets forth the definition of a "Person" who must comply with the contractor licensing law and provides in part, as follows:
 (7) "Person" means. or any state or local governing authority or political subdivision performing a new construction project which exceeds the contract limits provided in R.S. 38:2212 and which does not constitute regular maintenance of the public facility or facilities which it has been authorized to maintain.
Accordingly, any state or local governing authority or political subdivision who undertakes a new construction project or performs maintenance on existing facilities whose cost does not exceed the contract limits set forth in R.S. 38:2212 is not a person within the meaning of R.S. 37:2150.1(7) and may undertake such a project with its own employees without the necessity of using a licensed contractor.
In addition LSA R.S. 38:2211A(9) defines "Public Contract" or "Contract" to mean any contract awarded by any public entity for the making of any public works or for the purchase of any materials or supplies. It would therefore appear that the requirement to use a licensed contractor for projects that exceed $50,000 would only apply to contracts that are awarded by a public entity through a bid or negotiation process rather than projects undertaken by the public entity itself with it own employees.
When read in its entirety the Louisiana Licensing Law requiring the use of a licensed contractor for public works contracts in excess of $50,000 only applies to public works contracts that are awarded by a public entity through a bid or negotiation process and does not apply to new construction or maintenance projects that are undertaken by the public entity using its own employees. If a public entity elects to bid or negotiate a public works contract in excess of $50,000 then the Louisiana Licensing Law applies and a licensed contractor must be used. If the public entity elects to undertake a new construction or maintenance projects using its own employees and the estimated total cost of the project is less than the contractual limit set forth in 38:2212A(1)(d) then the public entity may do so without the necessity of using a licensed contractor.
It is therefore the opinion of this office that the Sabine River Authority may undertake a new construction or maintenance project using its own employees if the total cost of the projects are less than the current contractual limit of $100,000 as set forth in R.S. 38:2212A(1)(d) and may do so without the necessity of using a licensed contractor.
We trust that this answers your inquiry.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ___________________________ RICHARD L. MCGIMSEY Assistant Attorney General
CCF, Jr./RLM:dam